UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In Re
Stacey Rivera                                   Ch 13
                                                BANKRUPTCY NO: 19-10108-ECF

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Debtor's Answer to the Motion of
Midfirst Bank for Relief from Automatic Stay**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Debtor, by her attorney, Allan K. Marshall, Esq., answers the Motion of Midfirst Bank:

1. Ms. Rivera is unable to admit or deny the corporate status of the Moving party. Therefore, she denies the corporation status of the Moving party because the Moving party failed to attach papers that formed the corporation. Neither did the Moving party attach a certificate of authority to conduct business in the Commonwealth of PA.

2. Admitted.

3. Admitted.

4. Admitted.

5. Denied.

6. Denied.

7. This para sates a conclusion of law to which no response is required. Debtor demands strict proof of all the factual averments of this para.

8. At most, debtor has missed only one payment. The debtor shall make a serious

**1**